UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| USAA GENERAL INDEMNITY COMPANY INDIVIDUALLY AND AS SUBROGEE OF TERRENCE R. SCOTT | CIVIL ACTION<br><br>NO. 17-3831 |
| VERSUS | SECTION "N" (2) |
| LIGHTHOUSE PROPERTY INSURANCE CORPORATION | |

## ORDER AND REASONS

Presently before the Court is a Motion to Dismiss pursuant to the Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7), and, in the alternative, Motion for Summary Judgment filed by defendant, Lighthouse Property Insurance Corporation ("Lighthouse"). (Rec. Doc. 10). The Motion is opposed by the plaintiff, USAA General Indemnity Company, individually and as subrogee of Terrence Scott ("USAA"). (Rec. Doc. 13). Lighthouse filed a reply to USAA's opposition to the Motion to Dismiss. (Rec. Doc. 18).[1]

Having carefully considered the parties' submissions and the applicable law, **IT IS ORDERED** that Lighthouse's Motion to Dismiss and Motion for Summary Judgment (Rec. Doc. 10) are **DENIED** for the reasons stated herein.

**IT IS FURTHER ORDERED** that any party opposed to this Court entering a stay in the captioned matter, pending the resolution of *Scott v. Lighthouse Prop. Ins. Corp.*, Civil Action No. 17-1376, filed in the Civil District Court for the Parish of Orleans, must Show Cause **in writing on or before September 27, 2017**, why this Court should not stay the instant proceedings.

---

[1] The Court has subject matter jurisdiction over the dispute, pursuant to 28 U.S.C. § 1332, because there is complete diversity amongst the parties and the amount in controversy exceeds $75,000, exclusive of interest and cost. (Rec. Doc. 1 at p. 2).

1

I.  BACKGROUND

On or about February 20, 2015, Terrence R. Scott's ("Scott") property at 1809 Stall Drive, Harvey, Louisiana sustained damage as the result of a fire. (Rec. Doc. 1 at p. 3). At the time of the fire, the damaged property was allegedly covered by two homeowner's insurance policies: one issued by USAA (Policy No. 29656996)[2] and another issued by Lighthouse.[3] (*See* Rec. Doc. 1 at p. 2-3). Both policies contained "equivalent Other Insurance clauses."[4] (Rec. Doc. 1 at p. 3). The USAA policy provided: "If a loss covered by this policy…is also covered by other insurance, we will pay only the proportion of the loss that the amount of insurance that applies under this policy bears to the total amount of insurance covering the loss." (*Id.*) Similarly, the Lighthouse policy allegedly reads: "If a loss covered by this policy is also covered by: Other insurance, we will pay only the proportion of the loss that the limit of liability that applies under this policy bears to the total amount of insurance." (*Id.*).

A dispute arose between Scott and USAA regarding Scott's first-party insurance claim with USAA. (*Id.* at p. 4). Subsequently, USAA filed a Declaratory Action to resolve coverage issues.[5] (*Id.*). Both USAA and Scott filed Third-Party Demands against Lighthouse. (*Id.*). This Court dismissed with prejudice USAA's Third Party Demand against Lighthouse, reasoning that USAA was precluded from bringing third-party claims against Lighthouse for breach of contract and bad

---

[2] The USAA policy had an effective period from January 8, 2015 through January 8, 2016. (Rec. Doc. 1 at p. 2).

[3] The Lighthouse insurance policy had an effective period from January 23, 2015 through January 16, 2016. (Rec. Doc. 1 at p. 2).

[4] Other insurances clauses "seek to establish how the liability will be shared in the event that there is other valid and collectible insurance applicable to the same insured." *See* 15 William Shelby McKenzie & H. Alston Johnson, III, *La. Civ. L. Treatise, Insurance Law & Practice* § 7:19 (4th ed. 2016); *see also Prest v. Louisiana Citizens Prop. Ins. Co.*, 2012-0513 (La. 12/4/12); 125 So. 3d 1079, 1088 ("An insured may recover under all available coverage, provided that there is no double recovery.") (citing *Cole v. Celotex Corp.*, 599 So. 2d 1058, 1080 (La. 1992)).

[5] *See also USAA Gen. Indem. Co. v. Scott*, E.D. La. 2:16-cv-00211, Rec. Doc. 1.

faith because there was no contractual relationship between the two insurers. (*Id.*). Thereafter, Scott dismissed his claims against Lighthouse. (*Id.*). USAA and Scott reached a settlement agreement wherein USAA tendered Scott a check on or about March 13, 2017 in the amount of $500,000[6] as "full and final settlement of all claims, causes of action and losses, including dwelling, personal property and loss of use damages, arising from the fire." (*Id.*). Scott filed suits against USAA and Lighthouse in the Civil District Court for the Parish of Orleans on February 10, 2017. (*See* Rec. Doc. 10-1 at p. 2-3). Scott then appealed this Court's Order enforcing the aforementioned settlement, which was dismissed for want of prosecution on May 10, 2017. (Rec. Doc. 13 at p. 3).

Thereafter, USAA filed a Complaint against Lighthouse on April 24, 2017 claiming that it is conventionally and legally subrogated to the rights of its insured by virtue of its indemnity payment to Scott. (Rec. Doc. 1 at p. 4). In its Complaint, USAA seeks reimbursement, contribution, and/or indemnity from Lighthouse for its pro-rated share of the total loss based on two claims.[7] (*See id.* at p. 5-6). First, USAA alleges that by virtue of its indemnity payment, it is now conventionally subrogated to the rights and causes of action of its insured, namely a breach of contract claim. (*Id.* at p. 4-5). USAA claims that Lighthouse materially breached its contract with USAA's subrogor, Scott, when it did not perform its obligations to pay its pro-rated share of the adjusted loss to Scott's property as provided for in the Lighthouse policy. (*Id.* at p. 5). USAA's second claim—labeled "Equitable Subrogation/Contribution"—demands that Lighthouse pay a pro-rated share of the loss [500,000 paid to Scott] based on Lighthouse Policy's "Other Insurance"

---

[6] There is a discrepancy regarding the amount of the settlement check issued by USAA: the Plaintiff's Complaint alleges $500,000; Plaintiff's Opposition to the Motion to Dismiss alleges that the settlement check was in the amount of $575,000.

[7] Plaintiff uses the words "indemnification" and "contribution" in its prayer for damages. However, in its Complaint, plaintiff articulates subrogation as the source of its claims for recovery against defendant. Consequently, the Court's analysis is limited to the claims identified in the Complaint.

3

clause and USAA being legally subrogated to the rights of its insured having satisfied the entire debt owed by Lighthouse and USAA to their insured. (*Id.* at p. 6).

Presently, Lighthouse moves to dismiss USAA's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(7), or in the alternative, seeks summary judgment pursuant to Fed. R. Civ. P. 56, on the grounds that the Complaint fails to allege sufficient facts to show that USAA is entitled to recovery by way of conventional or legal subrogation or otherwise and for failure to join a necessary party, namely Scott, the purported subrogor.

As the basis of its Motion to Dismiss, Lighthouse presents the following arguments. (Rec. Doc. 10). First, Lighthouse contends that this Court has already determined that USAA has no standing or right of action to recover from Lighthouse. (Rec. Doc. 10-1 at p. 6). Thus, Lighthouse argues that claims against it relative to the loss are precluded by res judicata because they have already been determined by this Court. (*Id.*). Second, Lighthouse alleges that USAA failed to plead facts sufficient to support a breach of contract cause of action because it failed to identify the requisite express agreement required for conventional subrogation. (*Id.* at p. 7). Third, Lighthouse alleges that the common-law doctrine of equitable subrogation does not exist in Louisiana and that USAA did not plead sufficient facts to sustain a cause of action under legal subrogation. (*Id.* at p. 8). Fourth, Lighthouse argues that USAA has no rights against Lighthouse through subrogation unless and until it has actually made payment on the debt at issue. (*Id.* at p. 10). Alternatively, Lighthouse moves for summary judgment in the absence of evidence that Scott has received payment from USAA. (*Id.*). Finally, Lighthouse moves for dismissal for failure to join Scott, a required and indispensable party. (*See id.* at p. 11-13).

## II. LAW AND ANALYSIS

### A. Motion to Dismiss Under Rule 12(b)(6)

### i. Legal Standard

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Factual allegations that are "merely consistent with a defendant's liability, stop short of the line between possibility and plausibility of entitlement to relief," and thus are inadequate. *Id.* (internal quotations omitted). Rather, a complaint's allegations "must make relief plausible, not merely conceivable, when taken as true." *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009).

"Determining whether a complaint states a plausible claim for relief…[is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (internal citations omitted); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (degree of required specificity depends on context, i.e., the type of claim at issue). In evaluating a Rule 12(b)(6) motion, the Court is bound to "accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff." *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986). Further, "[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001). Ultimately, "[a] complaint is subject to dismissal if the

allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 214 (2007).

### ii. Analysis

Applying the pleading standards set forth above, this Court finds that the allegations as stated in the Plaintiff's Complaint—when accepted as true—are sufficient to set forth a plausible claim of recovery for relief against Lighthouse. Specifically, USAA alleges that both parties issued insurance policies to Scott that were in effect at the time the damage to the property occurred. USAA maintains that it issued a settlement check to Scott for payment of a debt that was concurrently owed by USAA and Lighthouse. Therefore, USAA's claim that it made a settlement payment to the jointly insured provides a plausible cause of action for USAA to recover against its co-insurer, Lighthouse, through subrogation.

In its Motion, Lighthouse first argues that this Court has already determined that USAA has no standing or right of action to recover from Lighthouse. Further, Lighthouse claims that both the instant matter and the prior judgment involve claims by USAA against Lighthouse seeking contribution towards payment of the same loss. Lighthouse conclusively states that all four elements of res judicata are met, therefore USAA's individual claims against Lighthouse relative to the loss are precluded by res judicata. Thus, Lighthouse argues that to the extent USAA has asserted any claims against it for contribution towards payment of this loss under the pro-rata provisions, they must be dismissed.

The preclusive effect of a prior federal court judgment is controlled by federal res judicata rules. *See Agrilectric Power Partner, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 664 (5th Cir. 1994). "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Oreck Direct, LLC v.*

*Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (internal citation omitted). A claim is barred by res judicata if four elements are met: (1) the parties are identical; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) the prior judgment is a final judgment on the merits; and (4) the same claim or cause of action is involved in both cases." *Id*; *see also Duffie v. United States*, 600 F.3d 362, 372 (5th Cir. 2010).

This Court is not persuaded by this argument. USAA's claims are not barred by res judicata because the fourth element cannot be satisfied. In the present suit, USAA asserts claims of contribution through subrogation that did not arise until USAA made payment to Scott, which purportedly occurred after the dismissal of its third party demand in *USAA Gen. Indem. Co. v. Scott*, E.D. La. 2:16-cv-00211. Res judicata does not bar claims that could not have been brought at the time of the previous judgment. *Ellis v. Amex Life Inc. Co*., 211 F.3d 935, 938 n. 1 (5th Cir. 2000) (citing *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994)). Ultimately, the issue of Lighthouse's liability to USAA through subrogation has not been litigated, and plaintiff is entitled to do so.

Second, Lighthouse alleges that USAA failed to plead specific facts sufficient to support a breach of contract cause of action because it failed to identify the requisite express agreement required for conventional subrogation. Third, Lighthouse—maintaining that the common-law doctrine of equitable subrogation does not exist in Louisiana—alleges that USAA did not plead sufficient facts to sustain a cause of action under legal subrogation because it is unclear whether USAA fully compensated Scott for the loss.

In its Complaint, USAA asserts its right to recovery against Lighthouse based on subrogation claims. Subrogation, which is "the substitution of one person to the rights of another,"

is either conventional or legal. La. Civ. Code art. 1825.[8] Conventional subrogation occurs when an obligee, who receives performance from a third person, subrogates that person to the rights of the obligee, even without the obligor's consent. La. Civ. Code art. 1827. Although the agreement for conventional subrogation need not be in writing, the obligee's intention to subrogate must be clearly indicated. *See A. Copeland Enters., Inc. v. Slidell Mem'l Hosp.*, 94-2011 (La. 6/30/95); 657 So. 2d 1292, 1298.

Legal subrogation takes place by operation of law, *inter alia*, "[i]n favor of an obligor who pays a debt he owes with others or for others and who has recourse against those others as a result of the payment." La. Civ. Code art. 1829(3); *Great Sw. Fire Ins. Co. v. CNA Ins. Cos.*, 557 So. 2d 966 (La. 1990). Obligors are bound "with others or for others" when "they are obliged to do the same things, so that either may be compelled to perform the whole obligation, and payment by one exonerates the other." *See A. Copeland Enters., Inc.*, 657 So. 2d at 1297. "When one of two or more potentially liable insurers pays a loss, whether in satisfaction of a judgment or in settlement of a claim, it may then seek payment [contribution][9] from other insurers of their fair share of the loss." *American Home Assurance Co. v. Liberty Mut. Ins. Co.*, No. 02-3842, 2008 WL 440303, at *4 (E.D. La. Feb. 12, 2008) (internal citation omitted); *see also Phoenix Indem. Co. v. Marquette Co.*, 320 F.2d 486 (5th Cir. 1963) (An insurer who has paid its insured is subrogated to that insured's rights against other insurers); *Aetna Ins. Co. v. Naquin,* 488 So. 2d 950 (La. 1986) (holding that the insurer of rental property, having paid tenants to settle claims—a debt which it was bound with defendant to pay—was legally subrogated to the rights of its insured landlord's breach of contract claim against defendant contractor); *Great Sw. Fire Ins. Co.,* 557 So. 2d at 968-

---

[8] In resolving a question of state law in a diversity case, a federal court must follow the substantive decisions of the state's highest court, here the Louisiana Supreme Court. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

[9] "The source of the right to claim contribution is subrogation." *Liberty Mut. Ins. Co. v. Jotun Paints, Inc*., No. 07-3114, 2008 WL 819078, at *4 (E.D. La. Mar. 25, 2008).

8

69 (affirming the finding of legal subrogation where excess and primary insurers were solidarily obliged to common insured even though the insurers' obligations arose from separate contracts with the insured); *Hull v. Louisiana Indem.*, 606 So. 2d 923, 926-27 (La. App. 3 Cir. 10/6/92) (affirming the trial court's judgment that the paying insurer became legally subrogated to the insured's rights and could seek contribution from the other two uninsured motorist carriers who were obligated to pay the same claim).

Louisiana law only recognizes conventional and legal subrogation. *See* La. Civ. Code art. 1825; *see also Inst. of London Underwriters v. First Horizon Ins. Co.*, 972 F.2d 125, 127 (5th Cr. 1992) ("Equitable subrogation does not exist in Louisiana."). This Court finds that the Complaint includes sufficient allegations to establish a plausible claim under legal subrogation if it is subsequently determined that the settlement encompasses the complete relief to which Scott is entitled. *See Dumas v. Angus Chemical Co.*, 31,969 (La. App. 2 Cir. 8/20/99); 742 So. 2d 655, 667 ("Legal subrogation occurs when the settlement pays the obligee's entire debt-not just paying the obligor's portion-and when the paying obligor brings an action against the others as a result of payment.") (internal citations omitted).

Both USAA and Lighthouse were obligated to insure the property in question. Each was liable to Scott for the damaged property and the payment of the entire debt by either would have relieved the other of liability to the insured. Subrogation takes place as a matter of law "[i]n favor of an obligor who pays a debt he owes with others or for others and who has recourse against those others as a result of the payment." La. Civ. Code art. 1829(3). Thus, it is plausible that upon payment of the settlement check to the joint insured, USAA became legally subrogated to seek recourse against its co-insurer, Lighthouse. This finding is contingent upon Scott's state court suit

9

against Lighthouse for damages related to the fire-related loss for the subject property, *Scott v. Lighthouse Prop. Ins. Corp.*, Civil Action No. 17-1376.

Fourth, Lighthouse argues that USAA has no rights against Lighthouse through subrogation unless and until it has actually made payment on the debt at issue, arguing that USAA's statement that payment was "tendered" is insufficient evidence that payment was made on the debt. This argument is without merit. This Court finds sufficient allegations in the Complaint to demonstrate that payment was made on the subject debt at issue. In its Complaint, USAA states that it tendered a settlement check to Scott's counsel on or about March 13, 2017. (Rec. Doc. 1 at p. 4). Further, USAA alleges that it paid $500,000 in satisfaction of the entire debt owed by Lighthouse and USAA to their insured, Terrence Scott. (*Id.* at p. 6). Moreover, this argument is moot based on evidence that Scott negotiated USAA's settlement check. (*See* Rec. Doc. 13-2).[10] Therefore, for the aforementioned reasons, the motion is denied.

### B. Motion for Summary Judgment Pursuant to Rule 56(a)

#### i. Legal Standard

A motion under Rule 12(b)(6) will be treated as one for summary judgment under Rule 56 if matters outside the pleadings are presented to and not excluded by the court. *See* Fed. R. Civ. P. 12(d). Pursuant to Rule 56(a), summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby,*

---

[10] In its argument Lighthouse states that a cause of action under any theory of subrogation for claims of its insured "will accrue only once the settlement becomes final and USAA's payments are accepted by its insured." (Rec. Doc. 10-1 at p. 11).

*Inc.,* 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(a), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001). An issue is considered genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the

nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed.2d 695 (1990)).

## ii. Analysis

In the alternative, Lighthouse moves for Summary Judgment, alleging there is no genuine issue of material fact as to USAA's claims, and that Lighthouse is entitled to judgment as a matter of law. Lighthouse asserts that without evidence of a valid subrogation agreement or evidence demonstrating that a dispute exists as to whether Scott accepted and received the alleged payment, summary judgment must be granted in its favor because USAA cannot be subrogated to any of its insured's rights without actual payment. Plaintiff counters that Lighthouse's Motion is not ripe for a Rule 12(d) conversion because the parties have not been given proper notice and have not been afforded a reasonable opportunity for discovery. Additionally, USAA contends that the motion for summary judgment is moot as evidenced by the attached and signed deposited settlement check issued to Scott and its allegation that it tendered to Scott $500,000 in full and final settlement of covered losses.

Without addressing whether this motion is ripe for conversion to a motion for summary judgment, USAA provided proof of the negotiated settlement check issued to Scott. (Rec. Doc. 13-2, Exhibit A). Consequently, Lighthouse's Motion for Summary Judgment is denied. Further, this Court concludes that there are additional genuine issues of material fact that exist, relating to (1) whether USAA's settlement payment satisfied the entire debt owed to Scott; (2) the amount necessary for full compensation of Scott's loss regarding the Harvey property; and (3) the resulting proportional amount of liability owed by USAA and Lighthouse based on the application of each company's respective policy coverage limits. Thus, this Court is unable to calculate the proportional liability of USAA and Lighthouse until the Orleans Civil District Court's resolution

of *Scott v. Lighthouse Prop. Ins. Corp.* Consequently, the motion for summary judgment is denied without prejudice.

### C. Motion to Dismiss Under Rule 12(b)(7)

Lastly, Lighthouse moves for dismissal for USAA's failure to join Scott, a required party pursuant to Rule 19(a)(1). Federal Rule of Civil Procedure 12(b)(7) authorizes a party to bring a motion to dismiss a complaint for failure to join a required party under Rule 19. Fed. R. Civ. P. 12(b)(7). Proper joinder under Rule 19 is a two-step process: (1) the court must decide if the absent party is a required party; (2) if the absent party is a required party, but its joinder is not feasible, "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." *See* Fed. R. Civ. P. 19(a),(b).

Lighthouse argues that "Scott must be joined in the action, lest the parties be subject to litigating the same questions in different courts, wasting judicial and party resources, and risking the possibility of inconsistent judgments." (Rec. Doc. 10-1 at p. 12). Lighthouse contends that "complete relief cannot be granted in this action without resolution of the identical issues present in Scott's pending litigation against both USAA and Lighthouse—i.e., whether or not his damages are covered under the respective policies, whether he has been fully compensated, and whether either insurer owes any additional amounts." (*Id.*) USAA counters that "Scott is not a required party to this matter because he has no right or interest in recovery of Lighthouse's pro-rated share of the covered loss, having been fully compensated for that amount." (Rec. Doc. 13 at p. 4).

This Court's Order to Show Cause why the proceedings should not be stayed pending the resolution of the state court decision in *Scott v. Lighthouse* renders the Motion to Dismiss Under Rule 12(b)(7) moot. Having carefully considered the matter, the Court is of the opinion that it

13

should stay all proceedings until the state court action is concluded unless good cause is shown to the contrary. The questions of Lighthouse's liability to Scott and the amount in total compensation owed to Scott for the loss lie at the heart of the pending state court action.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Lighthouse's Motion to Dismiss (Rec. Doc. 10) is **DENIED** and the Motion for Summary Judgment is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that any party opposed to this Court entering a stay in the captioned matter, pending resolution of *Scott v. Lighthouse Prop. Ins. Corp.*, Civil Action No. 17-1376, must show cause in writing **on or before Wednesday, September 27, 2017**, why this Court should not stay the instant proceedings.

New Orleans, Louisiana, this __19th__ day of September 2017.

                                            **KURT D. ENGELHARDT**
                                            **UNITED STATES DISTRICT JUDGE**